UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARIN ESPINOZA et al.,

                Plaintiff(s),

-v.-

WARNER MUSIC GROUP CORP. et al.,

                Defendant(s).

23 Civ. 7944 (JHR)

ORDER OF DISMISSAL

JENNIFER H. REARDEN, District Judge:

      Plaintiffs Darin Espinoza ("Espinoza") and Donovan Thomas ("Thomas") bring this action for breach of contract, breach of the duty of good faith and fair dealing, and declaratory judgment against Prakazrel Samuel Michel, professionally known as Pras ("Pras"), doing business as Rat Pack Entertainment, Incorporated ("Rat Pack Entertainment"), and Warner Music Group, Corp. ("Warner Music Group").  ECF No. 9 (Am. Compl.).  Plaintiffs have not filed proof of service, and Defendants have not responded to the Amended Complaint or otherwise appeared.  The Court previously issued two Orders to Show Cause—on February 3, 2025 and April 2, 2025—directing Plaintiffs to "show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction" and warning of the risk of dismissal "without further notice."  ECF Nos. 12, 13.  Plaintiffs did not respond to the Orders to Show Cause or file anything else on the docket.  For the reasons set forth below, the Amended Complaint is hereby DISMISSED without prejudice for lack of subject matter jurisdiction.

      The Amended Complaint alleges that Plaintiff Espinoza "is a resident of the State of Idaho," Am. Compl. ¶ 1, and that Plaintiff Thomas "is a resident of the State of New York," *id.* ¶ 2.  It further avers that Defendant Pras "is a resident of the State of Florida, Doing Business As (D/B/A) Rat Pack Entertainment, Incorporated," *id.* ¶ 3, which "is not a corporation formulated under the laws of any state," *id.* ¶ 3.  Rat Pack Entertainment allegedly is "owned by Elektra

Records," which is a "subsidiary" of the corporate parent Warner Music Group. *Id.* ¶ 3. Warner Music Group "is a corporation formulated under the laws of the State of Delaware and registered to do business in New York." *Id.* ¶ 5. The Amended Complaint asserts that this Court has (1) "original jurisdiction of this action pursuant to 28 U.S.C. § 1331" because it "involves a commercial transaction between an individual that is a resident of Idaho, an individual who is a resident of the State of New York and a business resident of the state of Delaware that operates and conducts business within the State of New York," *id.* ¶ 6, and (2) "diversity jurisdiction pursuant to 28 U.S.C. § 1332," *id.* ¶ 7.[1]

"Before addressing the merits of [Plaintiffs'] claims . . . , the Court must confirm its subject-matter jurisdiction." *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, No. 20 Civ. 731 (PAE), 2020 WL 7711629, at *1 (S.D.N.Y. Dec. 29, 2020). "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Although Plaintiffs cite the federal question statute, 28 U.S.C. § 1331, they make no federal claims. *Cf. Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 113 (2d Cir. 2024) (noting that a request for a declaratory judgment under the federal Declaratory Judgment Act "does not create an independent basis for federal subject-matter jurisdiction" because the statute does not "expand the federal courts' subject-matter jurisdiction"). Thus, diversity of citizenship is "the only possible basis for . . . jurisdiction" in this case. *Tutor Perini Building Corp. v. New York City Regional Ctr., LLC*, 20 Civ. 731 (PAE), 2020 WL 7711629, at *1 (S.D.N.Y. Dec. 29, 2020). Diversity of citizenship "'should be distinctly and positively averred in the pleadings, or

---

[1] In addition, the Amended Complaint alleges that "[t]his is an action for damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees." *Id.* ¶ 8. In the Prayer for Relief, Plaintiffs pray for, *inter alia*, "[c]ompensatory damages in excess of three hundred and seventy-five million dollars ($375,000,000)[,] the exact amount to be determined at the time of trial." *Id.* ¶ 45.1.

should appear with equal distinctness in other parts of the record.'" *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (quoting *Wolfe v. Hartford Life Ins. Co.*, 148 U.S. 389, 389 (1893)).

Here, "the Amended Complaint alleges only the state of residence of [the individual Plaintiffs and the individual Defendant] rather than [their] state[s] of citizenship, as required for purposes of diversity jurisdiction." *Prime Prop. & Cas. Ins., Inc. v. Cardenas*, No. 23 Civ. 935 (JMF), 2023 WL 1797268, at *1 (S.D.N.Y. Feb. 7, 2023) (citing *Leveraged Leasing Admin. Corp.*, 87 F.3d at 47) ("[A] statement of the parties' residence is insufficient to establish their citizenship."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . ."). Indeed, as the Supreme Court has explained, "'[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the state.'" *Buff v. Miltsein*, No. 24 Civ. 3091 (MKV), 2024 WL 3638697, at *2 (S.D.N.Y. Aug. 2, 2024) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *see also In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 725 (S.D.N.Y. 2003) (same). The Amended Complaint fails to state not only whether the individual Plaintiffs Espinoza and Thomas and the individual Defendant Pras are citizens of the United States, but also whether they are domiciled in Idaho, New York, and Florida, respectively. *See* Am. Compl. ¶¶ 1-3.

Moreover, "[i]t is axiomatic that, for diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). Diversity jurisdiction lies "only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Here, complete diversity appears to be

lacking, as Plaintiff Thomas "is a resident of the State of New York" and Warner Music Group is allegedly "registered to do business in New York." Am. Compl. ¶ 5.  In any event, "[f]or diversity purposes, a corporation such as Warner Music Group 'shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *Forte v. BNP Paribas*, No. 14 Civ. 8556 (JPO), 2015 WL 3604317, at *5 (S.D.N.Y. June 8, 2015) (quoting 28 U.S.C. § 1332(c)(1)) (holding that the allegation in a complaint of "a business entity registered to do business in the State of New York" was insufficient for purposes of pleading diversity).  "Absent allegations of the states of incorporation of the [] defendant corporation[], and [its] principal places of business, the Court cannot determine whether diversity exists between Defendants and [Plaintiffs]." *Id.*

Because Plaintiff "failed to respond to the Court's order to show cause," *Omansky v. United States*, 14 Civ. 1674 (GHW), 2014 WL 2153812, at *1 (S.D.N.Y. April 7, 2014), the Amended Complaint is hereby "dismiss[ed] *sua sponte*," without prejudice, "for lack of subject matter jurisdiction." *Id.  See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking . . . the court has the duty to dismiss the action *sua sponte*."); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 23, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge